UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81605-Cannon/McCabe

JOHN TOUSSAINT,

     Plaintiff,

v.

OFFICER S. SPENCER, and
THE GEO GROUP, INC.,

     Defendants.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendants' motion to dismiss Counts II, IV, and V of Plaintiff's Amended Complaint, which was referred to the undersigned by United States District Judge Aileen M. Cannon.  (DE 16, DE 20).  For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## I.    BACKGROUND

This is a personal injury and civil rights case.  The Court accepts the following facts as true, taken from Plaintiff's Amended Complaint. (DE 10).  Plaintiff is a permanently disabled and wheelchair-bound inmate who is currently incarcerated at the South Bay Correctional Facility ("South Bay").  (DE 10 ¶¶ 4-5).  Defendant The GEO Group, Inc. ("GEO") is a private corporation that operates the South Bay facility pursuant to a contract with the State of Florida.  (DE 10 ¶ 7).  Defendant Spencer ("Officer Spencer") works as a correctional officer at South Bay.  (DE 10 ¶ 6).

On or about May 5, 2025, a fellow inmate escorted Plaintiff and his wheelchair through a "quad steel security door system," which Plaintiff describes as a system of "two-inch solid steel

doors, designed to be closed and secured sequentially to ensure inmate safety and officer visibility." (DE 10 ¶¶ 9-10).   While Plaintiff was still seated in his wheelchair, Officer Spencer "repeatedly and forcefully slammed the steel quad door shut without visually confirming that Plaintiff had fully cleared the doorway." (DE 10 ¶ 11).  Officer Spencer knew Plaintiff was still in the doorway, but maliciously and sadistically slammed the door closed multiple times, crushing Plaintiff's fingers between the door and the steel frame. (DE 10 ¶¶ 12, 14).  The steel doors crushed Plaintiff's pointer, middle, and ring fingers with sufficient force to shatter his bones. (DE 10 ¶ 15).

Corrections officers thereafter transported Plaintiff to receive emergency medical care at St. Mary's Medical Center, where Plaintiff underwent surgery to his fingers. (DE 10 ¶¶ 16-17). As a result of this incident, Plaintiff suffered damages, including pain and suffering, disability, disfigurement, and the loss of ability to use his left hand to perform certain types of manual labor. (DE 10 ¶¶ 18, 20).

Based on these facts, the Amended Complaint alleges the following counts:

| Count | Cause of Action | Defendant |
|---|---|---|
| I | Excessive Use of Force in Violation of 42 U.S.C. § 1983 | Officer Spencer |
| II | Deliberate Indifference in Violation of 42 U.S.C. § 1983 | Officer Spencer |
| III | Battery | Officer Spencer |
| IV | Gross Negligence | Officer Spencer |
| V | Vicarious Liability | GEO |

(DE 10).

2

## II.    LEGAL STANDARD

By way of this motion, Defendants seek dismissal of Counts II, IV, and V pursuant to Fed. R. Civ. P. 12(b)(6).  (DE 16).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    DISCUSSION

As stated, Defendants have not moved to dismiss all counts of the Amended Complaint and have limited this motion solely to Counts II, IV, and V.  The Court will address each disputed count in turn.

### A.    Count II – Deliberate Indifference Under 42 U.S.C. § 1983

Count II alleges a claim against Officer Spencer pursuant to 42 U.S.C. § 1983, which provides a remedy against "every person" who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States.  (DE 10 ¶¶ 28-33).  To state a viable § 1983 claim, a plaintiff must allege facts that show (1) a violation of a constitutional right, (2)

3

committed by a person acting under color of state law.  *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citation omitted).

Here, Count II alleges that Officer Spencer violated Plaintiff's Eighth Amendment rights by "consciously disregarding" the substantial risk of serious harm that would result from "continually slamming the door closed on Plaintiff's hand." (DE 10 ¶ 29).  As set forth below, the Court questions whether Plaintiff can ultimately prevail on an Eighth Amendment claim under the facts alleged here.  Nevertheless, and given that Defendants have not moved to dismiss the entirety of the Amended Complaint, the Court recommends that Count II should survive this motion and be sorted out at summary judgment with the benefit of a full factual record.

As a general matter, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend VIII.  In *Estelle v. Gamble*, the Supreme Court recognized that this language prohibits government officials from exhibiting "deliberate indifference to [the] serious medical needs of prisoners."  429 U.S. 97, 104–05 (1976).  In *Farmer v. Brennan*, the Supreme Court went further and recognized that the Eighth Amendment imposes certain duties on prison officials to "provide humane conditions of confinement" and "take reasonable measures to guarantee the safety of the inmates."  511 U.S. 825, 832 (1994).  As such, prison officials violate the Eighth Amendment when they show "deliberate indifference" to a substantial risk of serious harm to an inmate.  *Id.* at 834.

As the Eleventh Circuit has recognized, deliberate indifference claims come in two varieties—"inaction" claims and "action" claims.  *See Wade v. McDade*, 106 F.4th 1251, 1259–60 (11th Cir. 2024).  Inaction claims "challenge prison officials' failure to do something," such as failing to protect an inmate from other dangerous inmates.  *Id.*; *see also Hale v. Tallapoosa County*,

50 F.3d 1579, 1582–83 (11th Cir. 1995) (reversing summary judgment and finding that genuine issue of material fact remained as to whether prison officials showed deliberate indifference to inmate-on-inmate violence in a crowded jail, leading to plaintiff's injuries).

Action claims, on the other hand, "target prison officials' affirmative misconduct." *Wade*, 106 F.4th at 1259–60.  In *Wade*, the Eleventh Circuit gave the following hypothetical examples of action claims:  (1) a prison guard who "fires his gun toward the ceiling, only to have the bullet ricochet ... and kill another prisoner," (2) a warden who "requires inmates to clean the prison yard in subzero temperatures, resulting in an otherwise-healthy prisoner's sickness and eventual death," and (3) a prison official who "orders an inmate to clean ... with a mixture of bleach and ammonia, [causing] permanent respiratory damage." *Id.*

Whether framed as an inaction claim or an action claim, a plaintiff who seeks to bring a § 1983 deliberate-indifference claim under the Eighth Amendment must allege facts that show:  (1) a substantial risk of serious harm, (2) the defendant's deliberate indifference to that risk, and (3) a causal connection between the deliberate indifference and the prisoner's injury.  *See Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015).  The first element—a substantial risk of serious harm—"is evaluated using an objective standard." *Id.*  There must be a "strong likelihood" of injury, "rather than a mere possibility," before an official's failure to act can constitute deliberate indifference. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

The second element—deliberate indifference—requires that the defendant "acted with subjective recklessness as used in the criminal law." *Wade*, 106 F.4th at 1262.  In other words, the prisoner must show that the defendant was "actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Id.*; *see also Farmer*, 511 U.S. at 840

5

(noting that "deliberate indifference entails something more than mere negligence").  Moreover, even if the defendant "actually knew of a substantial risk to inmate safety," the defendant cannot be liable under the Eighth Amendment "if he responded reasonably to that risk."  *Wade*, 106 F.4th at 1262.

In this case, Count II seems to allege an action-based claim.  That is to say, Plaintiff alleges that Officer Spencer took affirmative action by continually and maliciously slamming a metal door on Plaintiff's hand.  (DE 10 ¶¶ 29, 31).  In the Court's view, these facts, if true, would not show *indifference* to a risk of harm but rather a *specific intent* to cause harm.  In this regard, Count II seems to duplicate Count I, which already alleges a § 1983 claim for excessive use of force—a claim Defendants have not moved to dismiss.  (DE 10 ¶¶ 21-27).

On the other hand, Plaintiff also alleges that Officer Spencer closed the steel door "without visually confirming that Plaintiff had fully cleared the doorway."  (DE 10 ¶ 11).  This allegation seems to imply that Officer Spencer did not intend to harm Plaintiff but that she instead acted with deliberate indifference to the risk the doorway posed to Plaintiff, given his wheelchair-bound status.  In this regard, Count II offers an alternative theory of liability to Count I.  To be sure, this theory of liability conflicts with Plaintiff's allegations that Officer Spencer acted "maliciously" and "sadistically."  (DE 10 ¶¶ 12, 31).  But the Federal Rules of Civil Procedure allow parties to plead alternative and even conflicting claims and defenses.  *See* Fed. R. Civ. P. 8(d).

As stated, the Court questions Plaintiff's ultimate ability to prevail on Count II. Nevertheless, construing all allegations liberally in Plaintiff's favor, the Court finds Count II sufficient to survive dismissal.  The Court therefore recommends that the motion be denied, so that

Counts I and II can be sorted out and distinguished at summary judgment with the benefit of a full factual record.

      **B.**      **Count IV – Gross Negligence**

Count IV alleges a claim for gross negligence under Florida common law.  (DE 10 ¶¶ 37-43).  Defendants raise only one argument in support of dismissal, namely, that Florida law does not recognize a standalone cause of action for gross negligence.  (DE 16 at 6).  Instead, the concept of gross negligence functions merely as a heightened standard for recovery of punitive damages under Fla. Stat. § 768.72(2).  *See Winn-Dixie Stores, Inc. v. Dolgencorp*, LLC, 746 F.3d 1008, 1035 (11th Cir. 2014) (noting that Fla. Stat. § 768.72(2) permits punitive damages "if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence"); *Robinson v. 3M Co.*, No. 8:24-cv-00828-WFJ-AAS, 2025 WL 2061706, at *16 (M.D. Fla. July 23, 2025) ("[T]here is ample case law indicating that gross negligence is not a standalone count, but rather a legal standard that must be met when seeking punitive damages under Fla. Stat. § 768.72(2).").

The Court agrees with Defendants' interpretation of Florida law but disagrees that Count IV should be dismissed.  In cases where a plaintiff alleges two simultaneous claims, one for ordinary negligence and the other for gross negligence, courts generally recognize the latter claim as a nullity, functioning merely as a recitation of the standard for punitive damages.  In such cases, courts routinely dismiss or grant summary judgment on the redundant claim for gross negligence but allow the claim for ordinary negligence to proceed, with no limitation on the plaintiff's subsequent ability to recover punitive damages at trial.  *See Robinson,* 2025 WL 2061706, at *16 (granting summary judgment on claim for gross negligence but allowing claim for ordinary

negligence to proceed and noting that "this does not preclude Plaintiff from seeking punitive damages in her surviving claims under the gross negligence standard of Fla. Stat. § 768.72(2)(b)");
*Geery v. Ethicon, Inc.*, No. 6:20-cv-1975-RBD-LRH, 2021 WL 2580167, at *3 (M.D. Fla. Apr. 20, 2021) (granting summary judgment on claim for gross negligence but allowing claim for negligent failure to warn to proceed and noting that "[t]his does not preclude Plaintiff from seeking punitive damages in her surviving claims under the gross negligence standard").

In this case, Plaintiff did not allege multiple or overlapping claims of ordinary negligence and gross negligence. He simply alleged a single claim for "gross negligence." (DE 10 ¶¶ 37-43). The Court interprets Count IV to mean that Plaintiff alleged a claim for ordinary negligence and, further, that Plaintiff believes he will satisfy the heightened standard for gross negligence, thereby allowing punitive damages at trial under Florida law. The Court finds Count IV sufficient to survive dismissal, and the Court declines to order a dismissal solely so that Plaintiff can delete the word "gross" from the title of the count. In short, the motion should be denied as to Count IV.

### C.      Count V – Vicarious Liability Against GEO

Count V alleges a claim of vicarious liability against GEO, asserting GEO's liability, as a principal, for the conduct of its agent, Officer Spencer, for the torts alleged in Count III (battery) and Count IV (gross negligence). (DE 10 ¶¶ 44-52). Defendants raise only one argument in support of dismissal, namely, that Count V violates the rule against shotgun pleadings. (DE 16 at 7-8). As set forth below, the Court disagrees.

A complaint violates the rule against shotgun pleadings when it fails to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests."

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Shotgun

pleadings commonly suffer from one or more of the following deficiencies:

> (1)    they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;
>
> (2)    they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;
>
> (3)    they do not separate each cause of action into a different count; and
>
> (4)    they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.* at 1321-23.

The Court has reviewed Count V and finds that it does not violate the rule against shotgun

pleadings.  Count V adequately informs Defendants that Plaintiff seeks to hold GEO liable, under

a theory of vicarious liability, for the conduct of its agent, Officer Spencer.  Count V goes further

to identify the exact conduct at issue, namely, the battery alleged in paragraphs 34-36 of the

Amended Complaint and the gross negligence alleged in paragraphs 37-43 of the Amended

Complaint.  (DE 10 ¶ 44) (incorporating the previous paragraphs of the Amended Complaint that

alleged those torts).

The Court has considered, but finds unpersuasive, Defendants' argument that Count V

inappropriately incorporates previous paragraphs of the Amended Complaint.  (DE 16 at 7).  This

argument misunderstands the rule against shotgun pleadings.  A complaint violates the rule against

shotgun pleadings when it incorporates *all* previous allegations of the complaint, thereby making

it difficult to parse one claim from another.  The rule does not prohibit a plaintiff who alleges a

claim of vicarious liability from incorporating the previous paragraphs pertaining to the

misconduct of the agent. If anything, the rule against shotgun pleadings would *require* such incorporation, as failure to do so would leave the principal unclear as to exact conduct for which the plaintiff seeks to hold the principal liable.

In sum, the Court finds no violation of the rule against shotgun pleadings. The motion should be denied as to Count V.

## IV.      RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the motion (DE 16) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of May 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE